Sidney Squire, J.
Claimant in person moves for a new trial and other relief. It is opposed by the defendant.
*181 The claim (pleading) herein was filed on December 17, 1955. The case was tried before our then Presiding Judge, Honorable Bernard Ryan, on March 10, 1958. Claimant appeared in person. At the conclusion of the trial, the trial court rendered a Bench decision which set forth certain facts as found, concluded that ‘ ‘ It does not appear that any officer or employee of the State at any time in any way unlawfully detained Corinne Waterman ” and dismissed the claim.
By notice dated May 7,1958, claimant in person appealed from the resultant judgment entered on April 10,1958. On March 11, 1959, said judgment was unanimously affirmed by the Appellate Division, Third Department (8 A D 2d 559). The unanimous memorandum of that court was: ‘ ‘ Appeal by claimant from a judgment of the Court of Claims which dismissed her claim after trial. The claim purports to be for damages sustained by the claimant by reason of an alleged unlawful detention from February 25,1949 to March 14,1949, in Bellevue Hospital, pursuant to an order of a City Magistrate of the City of New York, acting under title IV A of part "VT of the Code of Criminal Procedure. It does not appear that claimant was ever confined in any State institution or that she was ever detained lawfully or unlawfully by any officer or employee of the State of New York. There is no evidence of any negligence on the part of the State. Judgment unanimously affirmed, without costs.”
Claimant’s various motions for reargument and other relief were denied by said Appellate Division (9 A D 2d 698; 14 A D 2d 593). Her motion in the Court of Appeals for leave to appeal thereto was dismissed by order dated November 16,1961 (10 N Y 2d 938). Her most recent motions in that court for reargument, etc., were denied (11 N Y 2d 645; 12 N Y 2d 715).
The record on appeal, briefs and papers on the several motions in the appellate courts, were read by me in Albany.
On the instant motion, claimant has submitted a memorandum (127 pages) in addition to her notice of motion, affidavit and exhibits. These papers demonstrate a sincere and painstaking effort on movant’s part. However, as a matter of law and on the facts of record throughout this entire cause, the motion must be denied in all respects.